IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTINA ALVARRAN (#30764-077), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-2852-N-BN |
| WARDEN JUDY UPTON, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* dismiss this action without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

Petitioner Martina Alvarran is in the custody of the Federal Bureau of Prisons pursuant to two concurrent sentences of 60 months' imprisonment, imposed by this Court on March 10, 2014, after she was adjudged guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). *See United States v. Alvarran*, No. 3:13-cr-35-N (01) (N.D. Tex.).

This habeas action was initiated when Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus, *see* Dkt. Nos. 3 & 4, and moved to proceed *in forma pauperis*, *see* Dkt. No. 5. Because it was apparent that the habeas application presented claims challenging her underlying convictions and sentences, *see, e.g.*, Dkt. No. 3 at 5-6 (raising an ineffective assistance type claim and a claim regarding the validity of her guilty plea); *id.* at 7 (requesting that the Court "vacate, set aside, or overturn sentence"), the Court entered a September 4, 2015 Notice of Deficiency and Order, noting:

> [I]t appears that the relief Petitioner seeks is available pursuant to 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255, and an application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing).
> However, because Petitioner has not directly indicated that she intends to file a Section 2255 motion, the Court will not re-characterize her *pro se* post-conviction motion as a first Section 2255 motion now. Instead, <u>if she is challenging the validity of her convictions and sentences</u>, she is ORDERED to, by no later than **October 5, 2015**, re-file her motion on the form petition for habeas corpus relief (under 28 U.S.C. § 2255), which the Clerk of Court will send to her. She is also WARNED that if she chooses to re-characterize her current motion as a Section 2255 motion, by re-filing it on the form to be provided, any Section 2255 motion she files in the future will be subject to the restrictions imposed on second or successive motions. *See* 28 U.S.C. § 2244(b)(3)(A); *cf. Castro v. United States*, 540 U.S. 375 (2003).

Dkt. No. 6 at 1-2.

Petitioner was also warned that the "[f]ailure to comply with [the] order will result in a recommendation that the petition be dismissed for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 2.

Rather than filing a Section 2255 motion in this action by the date specified, Petitioner instead filed that motion in her criminal case, which resulted in the Court opening a new Section 2255 action, *Alvarran v. United States*, No. 3:15-cv-3455-N-BN (N.D. Tex.). Regardless of the merits of the new action, it is apparent that Petitioner has failed to prosecute this action in the manner ordered by the Court.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the Court's notice of deficiency and order in the manner specified therein, Petitioner has prevented <u>this action</u> from proceeding and, therefore, has failed to prosecute this action and obey the Court's order. A Rule 41(b) dismissal of this action without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile, particularly because Petitioner's Section 2255 claims will be addressed by the Court in *Alvarran v. United States*, No. 3:15-cv-3455-N-BN (N.D. Tex.). Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

This action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE